S.A. THOMAS; et al., Plaintiffs–
Appellants,

v.

Leroy D. BACA, Defendant–Appellee.

S.A. Thomas; et al., Plaintiffs,

and

Stephen Yagman, Attorney, Appellant,

v.

Leroy D. Baca, Defendant–Appellee.

Nos. 07–55391, 07–55489.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 10, 2008.*

Filed Jan. 9, 2009.

Stephen Yagman, Esq., Yagman & Yag-
man & Reichmann, Venice Beach, CA, Er-
win Chemerinsky, Esq., Duke University
School of Law, Durham, NC, for Plain-
tiffs–Appellants.

Paul B. Beach, Esq., Franscell Strick-
land, et al., Glendale, CA, for Defendant–
Appellee.

Before: FARRIS and WARDLAW,
Circuit Judges, and SCHWARZER,**
District Judge.

---

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

** The Honorable William W. Schwarzer, Sen-
ior United States District Judge for the North-
ern District of California, sitting by designa-
tion.

88

MEMORANDUM ***

The activity complained of is not "a pattern of racketeering activity by the Los Angeles County Sheriff's Department." The district court properly dismissed the alleged Racketeer Influenced and Corrupt Organizations ("RICO") action for failure to state a claim.

We review de novo a dismissal for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir.2005). In so doing, we accept all factual allegations in the complaint as true and construe the pleading in the light most favorable to the nonmoving party. *Id.* Dismissal without leave to amend is only proper if it is clear that the complaint cannot be saved by any amendment. *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir.2004).

RICO liability under 18 U.S.C. § 1962(c) requires "(1) the conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 620 (9th Cir. 2004) (internal quotation marks omitted). Additionally, 18 U.S.C. § 1964(c) imposes a standing requirement: a plaintiff must show that the RICO violation proximately caused an injury to his business or property. *Canyon County v. Syngenta Seeds, Inc.*, 519 F.3d 969, 972 (9th Cir.2008). State law typically determines whether a given interest qualifies as "property." *Diaz v. Gates*, 420 F.3d 897, 899 (9th Cir. 2005) (per curiam) (citing *Doe v. Roe*, 958 F.2d 763, 768 (7th Cir.1992)). The injury to business or property must be a "concrete financial loss, and not mere injury to a valuable intangible property interest." *Oscar v. Univ. Students Co–Operative Ass'n*, 965 F.2d 783, 785 (9th Cir.1992) (en banc) (internal quotation marks omitted).[1]

■ None of plaintiffs' alleged injuries satisfies the RICO standing requirement. Plaintiffs provide no support for their allegation of injury to their employment interests. This court has not recognized the incurment of legal fees as an injury cognizable under RICO, and we decline to do so here. California law recognizes a cause of action as a form of property. *See Parker v. Walker*, 5 Cal.App.4th 1173, 6 Cal. Rptr.2d 908, 912 (Ct.App.1992). However, the alleged injury to plaintiffs' *Thomas I* cause of action resulting from the nondisclosure of floor-sleeping incidents is insufficiently concrete to grant RICO standing. *Thomas I* is still pending, and so it remains unknown whether plaintiffs will prevail or whether the purportedly concealed information will alter the outcome. *See DeMauro v. DeMauro*, 115 F.3d 94, 97 (1st Cir.1997). While RICO now reaches beyond the realm of organized crime, *see Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 499–500, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985), we reject plaintiffs' attempt to stretch it even further.

■ The district court did not abuse its discretion in imposing sanctions on Yagman. *See United Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 760 (9th Cir.2002). Yagman announced his suspicion of opposing counsel's complicity in a racketeering enterprise while conceding that he possessed no evidence to support

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. *Newcal Industries, Inc. v. Ikon Office Solution*, 513 F.3d 1038 (9th Cir.2008), suggests that we overruled *Oscar* in *Diaz. See id.* at 1055. However, our more recent holding in *Canyon County* explicitly states that " 'concrete financial loss' " is a necessary element of a RICO claim, 519 F.3d at 975 (quoting *Oscar*, 965 F.2d at 785), and *Diaz* itself employs the "financial loss" requirement, 420 F.3d at 898–900.

this allegation. Further, he defended it as appropriate in the face of objections from opposing counsel and admonitions from the district court. The district court was well within its broad discretion in finding that this conduct constituted evidence of bad faith. *See Fink v. Gomez,* 239 F.3d 989, 992–93 (9th Cir.2001).

Nor did the district court abuse its discretion in denying the request for sanctions under 28 U.S.C. § 1927 against defense counsel. *See Barber v. Miller,* 146 F.3d 707, 709 (9th Cir.1998). The record supports the district court's finding that defendant's request for sanctions in his motion to dismiss was neither vexatious nor made in bad faith. *See id.* at 711; *see also Chambers v. NASCO, Inc.,* 501 U.S. 32, 50, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991).

AFFIRMED.