NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 11 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANGELICA C. LIMCACO, an individual, | No. 21-56285 |
| Plaintiff-Appellant, | D.C. No.<br>2:20-cv-11372-RSWL-MAA |
| v. | |
| STEVE WYNN, an individual; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, District Judge, Presiding

Argued and Submitted December 6, 2022
Pasadena, California

Before: R. NELSON, BADE, and FORREST, Circuit Judges.

Appellant Angelica Limcaco appeals the dismissal of her civil claim brought

under the Racketeer Influenced and Corrupt Organizations Act (RICO). We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Limcaco asserts that she was wrongfully terminated from Wynn Las Vegas

(WLV) resorts in 2005, after reporting the alleged rape and impregnation of a former

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

coworker by Appellee Steve Wynn (Wynn). She alleges that she was threatened into silence and therefore did not come forward with her claims until September 2018 when she sued in federal district court in Nevada (the Nevada Matter) under Title VII of the Civil Rights Act. The district court dismissed the claim as time barred, and we affirmed. *Limcaco v. Wynn*, 809 F. App'x 465, 467 (9th Cir. 2020), *cert. denied sub nom. Limcaco v. Wynn Las Vegas, LLC*, 141 S. Ct. 1688 (2021).

Limcaco then sued in federal district court in California under RICO. The core of Limcaco's claim is that Appellees illegally influenced the appointment of WLV's counsel, Elayna Youchah, as a magistrate judge in the District of Nevada where the Nevada Matter was pending.[1] She contends that Appellees were part of a RICO conspiracy to protect Wynn casino gaming licenses and that losing the Nevada Matter would threaten those licenses. The district court again dismissed. We again affirm.

1. The district court properly determined that it lacked personal jurisdiction over Buckley. "[M]ere injury to a forum resident is not a sufficient connection to the forum." *Walden v. Fiore*, 571 U.S. 277, 290 (2014). "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Id.* Limcaco

---

[1] The additional details surrounding the alleged conspiracy are numerous, attenuated at best, and irrelevant to the disposition of this case.

fails to allege that Buckley directed any conduct at California or that her claims arise out of that purposeful direction. *See Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1227–28 (9th Cir. 2011).

The district court also properly determined that nationwide service of process under 18 U.S.C. § 1965(b) was inappropriate. Nationwide service under § 1965(b) requires a court to have personal jurisdiction over at least one of the participants, no other district to be able to assert personal jurisdiction over all the alleged co-conspirators, and facts showing the existence of a multidistrict conspiracy encompassing defendants. *See Butcher's Union Loc. No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 539 (9th Cir. 1986). Limcaco's allegations—that ML Strategies would not be subject to jurisdiction in Nevada because it is a Delaware corporation licensed in Massachusetts and engaged in illegal conduct there, and likewise that Massachusetts lacks jurisdiction over Buckley because her actions occurred in Nevada and were aimed at Limcaco in California—are merely conclusory. Limcaco's bare assertions that "there is no indication" that Nevada has jurisdiction over ML Strategies, or that Massachusetts had jurisdiction over Buckley, do not establish that § 1965(b) applies, particularly when the First Amended Complaint's (FAC) primary theory is that all the purported bad actors were engaged in a scheme aimed at assisting a Nevada entity in securing gaming licenses in Massachusetts.

2. Limcaco similarly fails to satisfy statutory standing under RICO because

3

she fails to allege an injury to business or property through a RICO violation. *See Just Film, Inc. v. Buono*, 847 F.3d 1108, 1118–19 (9th Cir. 2017). Limcaco asserts injuries under theories of honest services fraud, loss of chance to pursue her claim (the Nevada Matter), lost damages from the Nevada Matter, and legal fees.

The district court did not err in concluding that "deprivation of honest services alone does not constitute concrete financial loss for purposes of pleading RICO's statutory standing requirement." Additionally, Limcaco's assertion that she suffered injury from the lost ability to pursue her claim is not concrete nor financial because she litigated the Nevada Matter before the district court and this court on appeal. *Limcaco*, 809 F. App'x at 467. Limcaco's lost damages claim similarly fails because it presupposes success on the merits, which were never addressed. Lastly, Limcaco cites no case in which this court has ever recognized the incurment of legal fees as a cognizable injury under RICO. *Cf. Thomas v. Baca*, 308 F. App'x 87, 88 (9th Cir. 2009) ("This court has not recognized the incurment of legal fees as an injury cognizable under RICO, and we decline to do so here."). Even if legal fees could be a cognizable interest as "deprivation[s] of money," Limcaco's assertions still fail to be sufficiently financial or concrete. *Compare Reiter v. Sonotone Corp.,* 442 U.S. 330, 339 (1979) ("When a commercial enterprise suffers a loss of money it suffers an injury in both its 'business' and its 'property.'") *with Newcal Indus., Inc. v. Ikon Off. Sol.*, 513 F.3d 1038, 1055 (9th Cir. 2008) (noting plaintiff's burden to assert a

4

cognizable injury).

Next, Limcaco cannot establish any injury "by reason of" a RICO violation because she cannot show that Appellees' conduct was the but-for or proximate cause of any injury. *Hemi Grp., LLC v. City of New York*, 559 U.S. 1, 9 (2010). As the district court noted, Limcaco's complicated theory of causation turns on a "cascading chain of events" spanning multiple years and involving several third parties. Limcaco does not adequately allege that, but-for the Appellees' unlawful conduct in elevating Youchah, her injury would not have occurred because the district court dismissed her claim as time barred, and we affirmed that dismissal on appeal. *Limcaco*, 809 F. App'x at 467; *see also Richards v. County of San Bernardino*, 39 F.4th 562, 572 (9th Cir. 2022). Similarly, Limcaco fails to sufficiently allege proximate causation because her allegations are conditioned on several independent events[2] and do not show that "the alleged violation led directly to the plaintiff's injuries." *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 461 (2006).

---

[2] These events include conditional payments allegedly connected to the Nevada Matter (but to which Appellees had committed in 2017, before the Nevada Matter was filed), Buckley's service in 2018 on the multi-member panel recommending finalists for a magistrate judge position, the district court's selection of Youchah for that position, and the dismissal of the Nevada Matter on timeliness grounds, which coincided with a previously-scheduled donation from Wynn resorts to a non-profit affiliated with Buckley.

3. The district court did not abuse its discretion in denying Limcaco's requests for judicial notice.[3] *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). The district court found that Limcaco's first, untimely requests were filed after the close of briefing and that most of the documents at issue were discoverable and could have been included in her oppositions to the motion to dismiss. And the court's conclusion that Limcaco's request could be construed as an improper sur-reply or an attempt to bolster her FAC was not an abuse of discretion. *See Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) (explaining that the "district court has considerable latitude in managing the parties' motion practice and enforcing local rules"). The district court also did not abuse its discretion in denying the motion to take judicial notice of these documents, which it did not rely upon, and which were not pertinent or necessary to its rulings on the motions to dismiss. *See, e.g.*, *Great Basin Mine Watch v. Hankins*, 456 F.3d 955, 976 (9th Cir. 2006).

The court also did not abuse its discretion in declining to notice particular

---

[3] On appeal, Limcaco has filed three additional motions for judication notice of documents that allegedly support RICO standing and show that "Appellees exert improper influence over public officials in the 'ongoing' manner in which they 'do business.'" ECF Nos. 31, 58, and 71. We deny these motions because "a plaintiff may not cure her failure to present the trial court with facts sufficient to establish the validity of her claim by requesting that this court take judicial notice of such facts." *Fleischer Studios, Inc. v. A.V.E.L.A., Inc.*, 654 F.3d 958, 966 (9th Cir. 2011) (quoting *Jespersen v. Harrah's Operating Co.*, 444 F.3d 1104, 1110 (9th Cir. 2006) (en banc)).

facts within Limcaco's second requests for judicial notice. One of those requests contained 209 pages, and Limcaco did not identify any particular facts within these documents. Thus, the court could not identify any judicially noticeable facts. *Khoja*, 899 F.3d at 999 ("A court must also consider—and identify—which fact or facts it is noticing . . .").

4. The district court did not abuse its discretion in declining to grant further leave to amend the FAC because amendment would be futile. *See Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051–52 (9th Cir. 2008). Limcaco filed the FAC after Appellees filed their motion to dismiss; thus, Limcaco had notice of Appellees' arguments. Nonetheless, Limcaco's allegations in the FAC, and her arguments in opposition to dismissal and in her requests for judicial notice, failed to cure the deficiencies in her assertions of jurisdiction and in her RICO claims. *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (noting that the court's discretion to deny leave to amend is "particularly broad where plaintiff has previously amended the complaint." (citation and quotations omitted)).

**AFFIRMED.**